## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Michael Shaun Lowrey,

          Petitioner,        Case No. 23-12655

v.                       Honorable Judith E. Levy
                           United States District Judge

Noah Nagy,

          Respondent.      Mag. Judge Kimberly G. Altman

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS [1], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Michael Shaun Lowrey ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction on two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(b). For the reasons that follow, the petition for a writ of habeas corpus is denied with prejudice.

## I.    Background

Petitioner was convicted following a jury trial in the Ogemaw County Circuit Court. (ECF No. 1, PageID.1–2.) The material facts from

1

Petitioner's conviction are taken from the Michigan Court of Appeals opinion affirming his conviction, *People v. Lowrey*, 342 Mich. App. 99, 103–07 (2022), which is presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Shimel v. Warren*, 838 F.3d 685, 688 (6th Cir. 2016).

On March 19, 2019, Petitioner entered his then-wife's home and sexually assaulted her. Petitioner had a long history of physically and sexually abusing the victim and a former partner. *Lowrey*, 342 Mich. App. at 103–04. On the day of the assault, the victim awoke to loud noises coming from her front door. Petitioner was outside with a crowbar and screwdriver, attempting to break into the house. The victim let Petitioner into the house after he threatened to break down the door. *Id.* at 104. Once inside, Petitioner sexually assaulted the victim both vaginally and anally. The victim testified that she did not consent to these acts and that she feared that she would have lose her life if she resisted. *Id.* at 104–05. After sexually assaulting the victim, Petitioner fell asleep. *Id.* at 105. The victim escaped and called the police, who arrested Petitioner at the house. *Id.* Petitioner's prior girlfriend also testified that she had been

2

physically and sexually assaulted by Petitioner during their relationship.
*Id.*

Detective Lieutenant Timothy Heliin, with the Michigan State Police, interviewed Petitioner following his arrest. *Id*. Detective Heliin testified about his approach to the interview and how he used multiple different interrogation techniques in an attempt to obtain a statement from Petitioner. *Id.* at 105–07. The detective testified that he used these techniques when interviewing suspects to determine if any statement by the suspect was truthful or not. Defense counsel's objection to this testimony, on the ground that the detective was improperly commenting on Petitioner's credibility, was overruled. *Id.* at 106–07. The detective described Petitioner's various descriptions of what had happened, and that the detective had confronted Petitioner and told him he did not believe Petitioner's initial description of the events. *Id.* at 105–06. Petitioner subsequently confirmed an alternative theory suggested by Detective Heliin as to how the encounter with his wife took place. Detective Heliin testified that a truthful person would automatically reject any alternate hypothesis suggested by him. *Id.* After further interrogation, Petitioner admitted to intending to use a crowbar and

3

screwdriver to open the door and "get that sex no matter what." *Id.* at 107.

In contrast, Petitioner testified that he went to the victim's residence in an effort to fix their marriage and that they had consensual sex in the bedroom. *Id.* He was convicted by the jury on both counts of criminal sexual conduct.

Following his convictions and sentencing, Petitioner filed an appeal by right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied relief on those claims and affirmed his conviction. *Lowrey*, 342 Mich. App. 99, 103 (2022). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Lowrey*, 510 Mich. 1066 (2022). Petitioner thereafter filed this federal habeas petition, which was docketed on October 20, 2023. (ECF No. 1.)

Petitioner seeks a writ of habeas corpus on the following grounds:

I. "Mr. Lowrey's due process right to a fair trial was v[io]lated by the admission of Detective Hel[i]in's opi[n]ion testimony about [Lowrey's] credibility and ultimately his guilt or innocence." (*Id.* at PageID.5.)

II. "The trial court violated Mr. Lowrey's due process rights by permitting the prosecution to introduce allegations by Mrs.

4

Lowrey of domestic assault and sexual misconduct, beyond those contained in their pretrial notice." (*Id.* at PageID.7.)

III. "Const. Amend XIV resentencing for OV-7 which would lower guidelines 84-140 to 57-95 months." (*Id.* at PageID.8.) Petitioner appears to argue that he is entitled to resentencing because he was improperly assessed 50 points under Offense Variable 7.

IV. The "trial court violated Mr. Lowrey's due process rights . . . by admitting evidence, over objection, of Mr. Lowery being 'very mean' and 'abusive' to Mrs. Lowery's pet pig." (*Id.* at PageID.10.)

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

5

> (2)    resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. Discussion

### A. Petitioner's First, Second, and Fourth Claims: the evidentiary law claims

Petitioner, in his first, second, and fourth claims challenges the admission of certain evidence against him.[1]

---

[1] Respondent urges this Court to deny Petitioner's fourth claim involving evidence that he was abusive to the victim's pet pig on the ground that it is procedurally defaulted because Petitioner failed to object at trial for the grounds asserted in his petition. (ECF No. 8, PageID.183–184.) However, procedural default

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A federal court is limited in federal habeas review to deciding whether a state-court conviction violates the Constitution, laws, or treaties of the United States. *Id.* "[E]rrors in the application of state law, especially rulings regarding the admiss[ibility] . . . of evidence, are usually not to be questioned" by a federal habeas court. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1998)).

In Petitioner's first claim, he argues that he was denied due process and a fair trial by the admission of Detective Heliin's impermissible opinion testimony regarding Petitioner's veracity and guilt. (ECF No. 1, PageID.5.)

---

is not a jurisdictional bar to review of a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. The same legal analysis applies to Petitioner's second and fourth claims as both allege the admission of prior bad acts evidence. Thus, the Court will address the merits of the unpreserved fourth claim without considering procedural default.

8

Petitioner is not entitled to habeas relief on his claim that the detective's testimony was impermissible lay opinion testimony because this is a state-law claim. *Griffes v. Rivard*, No. 11-CV-14227, 2016 WL 7188096, at \*9 (E.D. Mich. Dec. 12, 2016) (citing *Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011)); *see also Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (holding that federal courts "must defer to a state court's interpretation of its own rules of evidence and procedure" when assessing a habeas petition).

Petitioner is also not entitled to relief on his claim that the detective's opinion testimony was improper because it invades the province of the jury to determine whether or not Petitioner was guilty.

In *Cooper v. Sowders*, 837 F.2d 284 (6th Cir. 1988), the Sixth Circuit held that it was fundamentally unfair and a violation of due process to permit a detective to testify as an expert witness and to permit the officer to "expressly state[ ] that all of the evidence pointed to [the] petitioner as the perpetrator of the crime." *Id.* at 287. The Sixth Circuit concluded that the opinion testimony was error because it "had a direct influence on the jury's consideration of petitioner's guilt or innocence." *Id.*

The Sixth Circuit's holding in *Cooper* does not entitle Petitioner to habeas relief for several reasons.

First, unlike the officer in *Cooper*, Detective Heliin did not testify as an expert witness at Petitioner's trial. Second, the jury was instructed to judge a police officer's testimony by the same standard as the testimony of any other witness. (ECF No. 9-5, PageID.874.) These two facts alone distinguish Petitioner's case from the facts in *Cooper*. *See Carter v. Vashaw*, 627 F. Supp. 3d 853, 861 *(*E.D. Mich. Sept. 13, 2022) (citing *Norton v. Boynton*, No. 08–13200, 2011 WL 282433, at *8 (E.D. Mich. Jan. 26, 2011)). Third, "the *Cooper* court owed no deference to the state court decision on these issues," because *Cooper* was decided prior to the adoption of the AEDPA. *Id.* (quoting *Dorsey v. Banks*, 749 F. Supp. 2d 715, 758 (S.D. Ohio 2010)). In fact, there is not "a single case decided by the Sixth Circuit Court of Appeals, apart from *Cooper*, where a prosecutor's questioning of a law enforcement officer about the truthfulness of a witness led to the grant of a writ of habeas corpus." *Id.* (quoting *Dorsey*, 749 F. Supp. 2d at 758). Given the lack of Supreme Court law on the issue of whether a police officer can offer an opinion as to a criminal defendant's guilt or innocence, the Michigan Court of Appeals'

10

rejection of Petitioner's first claim was not an unreasonable application of clearly established federal law. *Id.* at 861–62 (citing *Wright v. Van Patten*, 552 U.S. 120, 126 (2008); *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

Petitioner's second claim alleges that his due process rights were violated by allowing the victim to testify about various incidents of domestic assault and sexual abuse beyond those contained in a pre-trial notice filed by the prosecutor concerning the prior bad acts evidence that the prosecutor sought to admit. (ECF No. 1, PageID.7.) Petitioner's fourth claim alleges that his due process rights were violated by admission of evidence that he physically abused the victim's pet pig. (*Id.* at PageID.10.) Petitioner argues that this evidence was false and misleading, more prejudicial than probative, and admitted solely to suggest that Petitioner was a "monster" who had the propensity to commit the charged offenses. (*Id.* at PageID.7, 10.)

Petitioner's claims that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief because they involve state law evidentiary issues. *See Hall*

*v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008), *rev'd on other grounds* 563 F.3d 222 (6th Cir. 2009).

Petitioner's argument that the evidence presented was false also does not entitle him to habeas relief. In order to prevail on this claim, Petitioner must demonstrate that the prosecutor knew that the evidence was false. *Mack v. Bradshaw*, 88 F.4th 1147, 1160 (6th Cir. 2023). Here, Petitioner does not suggest that the prosecutor was aware that evidence about his abuse of the pig or previous examples of abuse were false.

To the extent Petitioner claims that the other acts evidence should have been excluded under Michigan Rule of Evidence 403 for being more prejudicial than probative, this argument does not entitle him to habeas relief. The Sixth Circuit observed that "[t]he Supreme Court has never held (except *perhaps* within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012) (emphasis in original). The Michigan Court of Appeals concluded that evidence that Petitioner had physically or sexually assaulted the victim in the past "was clearly relevant and admissible under MCL 768.27b(1), was highly probative, and was not

12

outweighed by unfair prejudice" because "[i]t showed defendant's pattern of prior abuse of the victim, that he did not take 'no' for an answer, and that the victim felt that she could not resist on the night in question." *Lowrey*, 342 Mich. App. at 118. The Michigan Court of Appeals also concluded that evidence that Petitioner abused the victim's pet pig was relevant because "it showed the victim's state of mind at the time of the sexual assault, and it further illustrated defendant's history of abusing and controlling the victim." *Id.* at 118–19. The Court must defer to these determinations.

To the extent Petitioner claims that the state court violated Michigan Rule of Evidence 404(b) or any other provision of state law by admitting improper character evidence or evidence of prior bad acts, that claim is denied because it is non-cognizable on habeas review. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007); *Dowling v. United States*, 493 U.S. 342, 352–53 (1990). The admission of "prior bad acts" or "other acts" evidence against Petitioner at his state trial does not entitle him to habeas relief because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence.

*See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Finally, any violation of state notice requirements in connection with the prior bad acts evidence which the prosecutor presented in this case did not rise to the level of a due process violation, which would be required to warrant federal habeas relief. *See Fuller v. Lafler*, 826 F. Supp. 2d 1040, 1060–61 (E.D. Mich. 2011). Petitioner is not entitled to relief on his first, second, and fourth claims.

### B. Petitioner's Third Claim: The sentencing guidelines claim

Petitioner's third claim alleges that the trial judge improperly scored Offense Variable 7 of the Michigan Sentencing Guidelines. (ECF No. 1, PageID.8.)

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on federal habeas review, because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."). Errors in the application of state sentencing guidelines "cannot independently support

14

habeas relief." *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Additionally, Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Thus, Petitioner "had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating Petitioner's guideline score does not merit habeas relief. *Id.*

### C. Claims of actual innocence

Finally, Petitioner appears to argue throughout his petition and his reply that he is entitled to habeas relief because he is actually innocent.

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id.*; *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have

15

not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer*, 484 F.3d 844, 854–55 (6th Cir. 2007) (collecting cases). Any actual innocence claim would not entitle Petitioner to habeas relief.

## IV. Conclusion

For the reason set forth above, the Court DENIES and DISMISSES WITH PREJUDICE the petition for a writ of habeas corpus. (ECF No. 1.)

The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

16

assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated in this opinion, the Court DENIES Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court DENIES Petitioner leave to proceed *in forma pauperis* on appeal. This case is closed.

IT IS SO ORDERED.

Dated: October 3, 2025          s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 3, 2025.

                              s/William Barkholz
                              WILLIAM BARKHOLZ
                              Case Manager