**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Michael Shaun Lowrey,

                  Petitioner,          Case No. 23-12655

v.                            Honorable Judith E. Levy
                                 United States District Judge

Noah Nagy,

                                 Mag. Judge Kimberly G. Altman

                  Respondent.

_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION [16]

Petitioner Michael Shaun Lowrey filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He challenged his conviction for two counts of third-degree criminal sexual conduct. On October 3, 2025, the Court denied the petition for a writ of habeas corpus. (ECF No. 14.)

Petitioner has now filed a motion for reconsideration and "for appeal." (ECF No. 16, PageID.1306; *see id.* at PageID.1310 ("Ask the court to treat this document as Motion for Reconsideration / and Motion for appeal.").) For the reasons that follow, the motion is denied.

Motions for reconsideration of final orders and judgments must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). E.D. Mich. LR 7.1(h)(1). Here, Petitioner does not specify under which Rule he seeks reconsideration. Because the motion is timely under Rule 59(e)[1] and does not address any of the "grounds for relief from a final judgment" set forth in Rule 60(b), the Court will construe Petitioner's motion as a motion for reconsideration under Rule 59(e). *Harris v. Audi of Nashville & Am. Credit Acceptance, LLC*, No. 3:24-CV-00791, 2025 WL 864288, at *1 (M.D. Tenn. Mar. 19, 2025).

The decision of whether to grant a motion to alter or amend judgment under Rule 59(e) is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). Before granting a motion to alter or amend judgment, there must be a clear error of law, newly discovered evidence, an intervening change in the controlling law, or a need to prevent manifest injustice. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009); *GenCorp, Inc. v. Am.*

---

[1] A motion under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Judgment in this case was entered on October 3, 2025 (ECF No. 15), and Petitioner's motion for reconsider was filed on October 21, 2025. (ECF No. 16.) Thus, Petitioner's motion for reconsideration was timely under Rule 59(e).

2

*Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson*, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Petitioner does not identify a clear error of law, newly discovered evidence, or an intervening change in the controlling law. And to the extent Petitioner argues that reconsideration is necessary to prevent manifest justice, the Court disagrees. Courts considering Rule 59(e) motions have defined "manifest injustice" as a "direct, obvious, and observable error . . . ." *United States v. Allen*, No. CR 14-20191, 2020 WL 4592901, at *1 (E.D. Mich. Aug. 11, 2020) (quoting Black's Law Dictionary (11th ed. 2019)); *Moeller v. Univ. of Toledo*, No. 2:25-CV-12057, 2026 WL 1022409, at *2 (E.D. Mich. Apr. 15, 2026). Here, Petitioner rehashes the arguments that he made in his original petition concerning the victim's credibility and other alleged problems with his

case. Petitioner does not point to an error with the Court's order denying his habeas petition "and shows only a disagreement with the outcome." *Id.* His motion for reconsideration is denied because he presents issues which were already ruled upon by the Court, either expressly or by reasonable implication, when the Court denied the petition for a writ of habeas corpus. *See Brumley*, 909 F.3d at 841 ("A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'").

Accordingly, the motion for reconsideration (ECF No. 16) is DENIED. Additionally, to the extent Petitioner intended to file a "motion to appeal," the "motion to appeal" is DENIED. Appeals are initiated by a notice of appeal, not a motion. *See* Fed. R. App. P. 4.

IT IS SO ORDERED.

Dated: July 13, 2026              s/Judith E. Levy
    Ann Arbor, Michigan         JUDITH E. LEVY
                                      United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2026.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager