**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Michael Shaun Lowrey,

Petitioner,

v.

Noah Nagy,

Respondent.
_________________________________/

Case No. 23-12655

Honorable Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**OPINION AND ORDER DENYING A CERTIFICATE OF APPEALABILITY REGARDING PETITIONER'S FIRST MOTION FOR RECONSIDERATION [16] AND DENYING THE SECOND MOTION FOR RECONSIDERATION [18]**

Petitioner Michael Shaun Lowrey filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenged his conviction for two counts of third-degree criminal sexual conduct. On October 3, 2025, the Court denied his petition for a writ of habeas corpus. *Lowrey v. Nagy*, No. 23-12655, 2025 WL 2822468 (E.D. Mich. Oct. 3, 2025). Petitioner filed a motion for reconsideration of that order, (ECF No. 16), which was denied on July 13, 2026. *Lowrey v. Nagy,* No. 23-12655, 2026 WL 2022965 (E.D. Mich. July 13, 2026).

On August 14, 2026, Petitioner filed a Notice of Appeal regarding the Court's denial of his first motion for reconsideration. (ECF No. 19.) That same day, Petitioner also filed a second motion for reconsideration, titled "Motion for Re-Reconsideration 2.0." (ECF No. 18.)

For the reasons that follow, the Court denies Petitioner a certificate of appealability on the order denying his first motion for reconsideration. The Court also denies Petitioner's second motion for reconsideration.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See, e.g.*, *Amr v. United States*, 280 F. App'x 480, 486 (6th Cir. 2008). Petitioner's first motion for reconsideration was denied because he raised issues which were already ruled upon by the Court, either expressly or by reasonable implication, when the Court denied habeas relief to Petitioner. *Lowrey*, 2026 WL 2022965, at *1. The Court denies Petitioner a certificate of appealability, because jurists of reason would not find the Court's resolution of Petitioner's first motion for reconsideration to be debatable.

Next, Petitioner's second motion for reconsideration is denied. To the extent Petitioner seeks reconsideration of the Court's October 3, 2025 order, he is not entitled to reconsideration of that order denying him

habeas relief because his motion is deficient and untimely. Motions for reconsideration of final orders and judgments must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). E.D. Mich. LR 7.1(h)(1). Petitioner does not specify under which Rule he files his second motion for reconsideration or justify reconsideration under either Rule. It is not the Court's role to construct an argument for Petitioner. *Diederich v. Washington*, No. 19-12799, 2022 WL 18779887, at *4 (E.D. Mich. Sept. 21, 2022).

Additionally, to the extent Petitioner seeks reconsideration under Rule 59(e), his motion is untimely as it must be filed no later than 28 days after the entry of judgment. *See Shuler v. Garrett*, 715 F.3d 185, 186 (6th Cir. 2013); Fed. R. Civ. P. 59(e). Petitioner signed and dated his second motion for reconsideration on August 5, 2026. Absent evidence to the contrary, a federal court will assume, pursuant to the "prison mailbox rule," that a prisoner gave his pleadings to prison officials on the date he signed it. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). However, even giving Petitioner the benefit of the prison mailbox rule and even excluding Saturdays, Sundays, and legal holidays from the computation, Petitioner's motion, construed as a motion for reconsideration under Rule

59(e), was due no later than November 14, 2025. The second motion for reconsideration was filed on August 5, 2026, (ECF No. 18, PageID.1319), which is far after November 14, 2025.

District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *FHQ Equities, LLC v. MBL Life Assurance Corp.*, 188 F.3d 678, 682 (6th Cir. 1999). Thus, the motion is untimely.

Additionally, the second motion for reconsideration is denied because Petitioner has not shown he is entitled to file multiple motions for reconsideration once the district court has issued an order denying the initial motion for reconsideration. *See Hawkins v. Czarnecki*, 21 F. App'x 319, 320 (6th Cir. 2001).

Finally, to the extent Petitioner's motion was intended to be a motion to reconsider the Court's order denying Petitioner's first motion for reconsideration, it is denied as "[a] motion to reconsider an order denying a motion for reconsideration may not be filed." *See* E.D. Mich. LR 7.1(h)(4).

Accordingly, the Court DENIES Petitioner a certificate of appealability regarding the Court's order denying his first motion for

reconsideration. (ECF No. 14.) The second motion for reconsideration (ECF No. 18) is also DENIED.

IT IS SO ORDERED.

Dated: August 31, 2026<br>
Ann Arbor, Michigan

s/Judith E. Levy<br>
JUDITH E. LEVY<br>
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2026.

s/William Barkholz<br>
WILLIAM BARKHOLZ<br>
Case Manager